UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIO CESAR MARTINEZ,

    Petitioner,

v.                                        CASE NO. 8:05-CV-1122-T-27EAJ
                                               CRIM. CASE NO. 8:02-CR-239-T-27EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 challenging his 2002 plea based conviction for conspiracy to possess with intent to distribute 5 or more kilograms of cocaine (CV Dkt. 1), his Memorandum in Support of 28 U.S.C. § 2255 Motion (CV Dkt. 2), and Respondent's response.[1] Upon consideration, Petitioner's 28 U.S.C. § 2255 Petition is time barred, and Petitioner has not established a basis for equitable tolling.

## Background

Petitioner and two others were charged in a two count Indictment with possession with intent to distribute, and conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine. (CR Dkt. 21). Pursuant to a written plea agreement, Petitioner pleaded guilty to Count One. (CR Dkt. 47). Petitioner's plea agreement contained an appeal waiver clause and a factual basis for the charge to which Petitioner pleaded guilty. (CR Dkt. 41, at 12, 14-15). On December 4, 2002, Petitioner was sentenced to 70 months imprisonment, to be followed by 5 years of supervised release. (CR Dkt. 70).

---

[1] Petitioner has not filed a reply to the Respondent's response, even though the Court has twice granted Petitioner the opportunity to do so (*See* CV Dkts. 6 & 12).

Petitioner did not appeal or request an appeal. Accordingly, Petitioner's conviction became final on December 14, 2002, when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000).

In his § 2255 motion to vacate, Petitioner asserts ineffective assistance of counsel as his only ground for relief. (CV Dkts. 1, 2). Because Petitioner's § 2255 motion is time barred, it is unnecessary to address the merits of his argument.

Petitioner's § 2255 motion was filed June 8, 2005, approximately one and one-half years after the one year limitation period for filing a § 2255 motion expired. Anticipating that issue, Petitioner essentially acknowledges that his § 2255 is untimely. (CV Dkt. 1, p. 11). However, he contends that he is actually innocent and, therefore, "his claim can be reviewed under the 'actual innocence' exception to the procedural bar." (CV Dkt. 2, p. 6).

In its response, the Government contends that Petitioner's motion is time-barred and subject to dismissal as a defaulted claim. (CV Dkt. 11, pp. 5-11).

## Discussion

The AEDPA "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:"

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme

> Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(1)-(4)).

Petitioner had until December 14, 2003, to file a timely § 2255 motion, but filed the instant § 2255 motion on June 8, 2005, well after the one year limitation period expired. The § 2255 motion is therefore time barred and subject to dismissal unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)(Equitable tolling appropriate when movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.). The burden of establishing entitlement to this extraordinary remedy plainly rests with the Petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003).

Here, Petitioner does not even attempt to establish an arguable basis for equitable tolling of the limitation period. Moreover, this Court gleans nothing from the allegations of the § 2255 motion or memorandum of law in support of the § 2255 motion which would arguably support equitable tolling.

Instead, Petitioner contends that he is actually innocent of the charge for which he was convicted. Actual innocence, however, does not support equitable tolling of the applicable limitation period. *See Taylor v. Secretary, Dept. of Corrections*, 230 Fed. Appx. 944 (11th Cir. 2007)([W]e have never held that there is an "actual innocence" exception to the AEDPA's one-year statute of

limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence.").[2]

Even if a claim of actual innocence might support a tolling of the limitation period, Petitioner offers no new, reliable factual evidence which might otherwise support a claim of actual innocence. In the context of overcoming a procedural default, a claim of actual innocence must include credible evidence, that is, "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *House v. Bell*, 547 U.S. 518 (2006). Petitioner's burden is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt. 547 U.S. at 537-38. Assuming, without deciding, that a claim of actual innocence could support equitable tolling, Petitioner has not satisfied the threshold of an actual innocence claim at the gateway stage discussed in *Schlup* and *House*.

Finally, the record refutes Petitioner's claim of actual innocence. Petitioner entered into a plea agreement in which he agreed, *inter alia*, to plead guilty to conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine. (CR Dkt. 41, p. 1). During his plea colloquy, while under oath, Petitioner admitted the accuracy of the facts included in his Plea Agreement. (CR Dkt. 81, p. 34). Those facts support the conspiracy charge. Additionally, as part of the plea colloquy, Petitioner confirmed under oath that he was pleading guilty because he was guilty of the charge. (Id., p. 35). The representations made at a plea hearing, along with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431

---

[2] In this Circuit, actual innocence is not a cognizable claim in non-capital habeas cases. *Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1356 (11th Cir. 2007)("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

U.S. 63, 74 (1977). A defendant's statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Moreover, the Presentence Investigation Report ("PSR") indicates that Petitioner's two co-defendants stated that prior to the transaction involving 4.9 kilograms of cocaine, Petitioner was involved in a transaction with them involving two kilograms of cocaine, resulting in a drug quantity determination of 6.9 kilograms.[3] (PSR ¶¶ 10, 11). At Petitioner's sentencing hearing, Petitioner's counsel withdrew his objections to the PSR, and Petitioner confirmed that he understood that the objections had been withdrawn. (CR Dkt. 83, pp. 3-4).

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's § 2255 motion to vacate (CV Dkt. 1) is **DISMISSED** as time barred.

2. The Clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, on _April 16th_, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copies furnished to:
All Parties/Counsel of Record

---

[3] During co-defendant Barrientos's sentencing hearing, the Drug Enforcement Administration agent testified that co-defendant Urbina told him that six months or less prior to the transaction involving 4.9 kilograms of cocaine, Urbina and Petitioner had delivered two kilograms of cocaine to Barrientos. (CR Dkt. 82, pp. 8-11).